## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAMES MCCREARY,

      Petitioner,                                      Case No. 23-cv-11827
                                                    Hon. Matthew F. Leitman

v.

MELINDA BRAMAN,

      Respondent.

_____/

### ORDER DENYING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE A HABEAS PETITION (ECF No. 1) AND DISMISSING CASE WITHOUT PREJUDICE

Petitioner James McCreary is a state inmate in the custody of the Michigan Department of Corrections.  On July 28, 2023, McCreary filed a motion in this Court asking for an extension of time to file a petition for writ of habeas corpus. (*See* Mot., ECF No. 1.)  For the reasons explained below, McCreary's motion is **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

McCreary has not yet filed a petition for a writ of habeas corpus in this Court. Nor he has filed any document with the Court that sets forth the bases upon which he believes that he is entitled to habeas relief.  Instead, all McCreary has filed is a motion asking the Court for additional time to file his petition.  That motion cannot serve as the equivalent of a habeas petition, particularly where McCreary has failed to specify any grounds for relief. *See*, *e.g.*, *Socha v. Boughton,* 763 F.3d 674, 683

1

(7th Cir. 2014) (petitioner's request for an extension of time could not serve as the actual petition for a writ of habeas corpus where it focused exclusively on the need for more time, and it did not specify any grounds justifying relief); *Warren v. Harrison,* 244 F. App'x. 831, 832 (9th Cir. 2007) (petitioner's request for an extension of time did not constitute a petition for writ of habeas corpus). And in the absence of a properly-filed habeas petition, the Court cannot consider a request, in advance, to extend the applicable statute of limitations period.

Moreover, and in any event, it does not appear that McCreary needs the extension he seeks. In his motion, McCreary asks the Court to extend the time for him to file his habeas petition by 60 days from what he believes is the deadline to file his habeas petition, June 27, 2023. (*See* Mot., ECF No. 1, PageID.2.) That would extend the time for McCreary to file his petition until August 28, 2023. But McCreary actually has more time to file his federal habeas petition than he believes.

The Michigan Supreme Court denied McCreary's application for leave to appeal on June 28, 2022. *People v. McCreary*, 975 N.W.2d 468 (Mich. 2022). And McCreary did not seek a writ of certiorari with the United States Supreme Court. Where, as here, a state prisoner has sought direct review of his conviction in the state's highest court but did not file a petition for certiorari with the United States Supreme Court, the one year limitation period for seeking federal habeas review under 28 U.S.C. § 2244(d)(1) starts running *not* on the date that the state court

2

entered judgment against the prisoner, but on the date that the 90 day time period to seek certiorari with the United States Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Thus, McCreary's judgment became final, for the purpose of commencing the one-year limitations period to file a federal habeas petition, on September 26, 2022. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002). McCreary therefore has until September 26, 2023, to timely file a federal habeas petition. Simply put, McCreary does not need the extension he asks for in his motion.

For all of the reasons explained above, McCreary's motion for an extension of time (ECF No. 1) is **DENIED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 7, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 7, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126